# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA

DENNESS R. ELLIS

    Plaintiff,

-vs-

LIBERTY MUTUAL FIRE INS, et al.

    Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. #2:06CV00421-DRB

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND MOTION FOR IMPOSITION OF ATTORNEYS' FEES PURSUANT TO F.R.CIV.P. 11

COMES NOW the Plaintiff in the above styled cause and moves this Honorable Court to remand this action to State Court pursuant to 28 U.S.C. §1447(c). The basis for the requested relief is that removal of this action to federal court is wrongful in that the Defendants failed to show that a complete diversity exists between the parties and failed to present evidence that the amount in controversy meets the jurisdictional limits of this Court. Thus, the removal was filed improvidently. In support of this motion, the Plaintiff shows unto the court as follows:

1.    The current pending action is a car wreck case that involves allegations of negligence and/or wantonness and a claim for uninsured motorist benefits against Mary E. Austin (the at-fault driver) and Liberty Mutual (the plaintiff's insurance carrier).

2.    The Defendant Liberty Mutual is a foreign entity and the Defendant Mary Austin is believed to be an Alabama resident. The accident report, attached hereto as Exhibit 1, has an Alabama address for Ms. Austin. While the Plaintiff is continuing to try to find her, the Defendant Liberty Mutual has not provided any information to the Plaintiff to

support its contention that complete diversity exists between the parties.

3.      The Defendant Mary Austin is uninsured (See letter from Geico Insurance Company to Christina D. Crow dated December 29, 2005, attached hereto as Exhibit 2). As such, the only potential recovery in this case is the uninsured motorist coverage issued by Liberty Mutual. Attached hereto as Exhibit 3 is the declarations page for the insurance coverage issued by Liberty Mutual to the Plaintiff. As evidenced by Exhibit 3, the available uninsured motorist coverage is only $60,000 ($20,000 per person for three vehicles). Thus, even if Mary Austin is a resident of another state, the Defendant has not met their burden of proof for showing that the amount in controversy exceeds the jurisdictional amount of this Court.

4.      Removal of an action is only proper if the United States District Court has original jurisdiction. 28 U.S.C. §1332(a) provides, in pertinent part:

        The district courts shall have original jurisdiction of all civil
        actions where the matter in controversy exceeds the sum or
        value of $75,000, exclusive of interest and costs.

5.      The Defendants have the burden of proving that federal jurisdiction exists. *Kirkland* v. *Midland Mortgage Co.*, 243 F. 3d 1277, 1281 n.5 (11ᵗʰ Cir. 2001), *Williams v. Best Buy Co.*, 269 F. 3d 1316 (11ᵗʰ Cir. 2001). Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.; Tapscott* v. *MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11ᵗʰ Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F. 3d 1069 (11ᵗʰ Cir. 2000). The Defendants have offered no facts in their removal petition or consent to removal that would support their assertion that the amount in controversy exceeds the jurisdictional amount of this Court.

The Eleventh Circuit has reiterated that the burden of proving jurisdiction lies with the removing defendant.

> We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *See Laughlin v. Kmart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995); *Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995); *Gaus v. Miles*, 980 F. 2d 564, 567 (9th Cir. 1992); *Burns v. Windson Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F. 2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing . . . of all the requisite factors of diversity jurisdiction").

*Williams v. Best Buy Co., id.*

6. Even if Ms. Austin's residency is never determined, the Defendant has not met its burden of proving the "requisite factors of diversity jurisdiction" with their conclusory statement that "based on the pleadings, it seems likely that the total amount in controversy exceeds $75,000.00 exclusive of interest and costs." (Defendant's Notice of Removal, ¶9). No evidence has been presented to this Court that the amount in controversy exceeds the jurisdictional limit of this Court and, in fact, the only evidence that the Plaintiff has is that the uninsured motorist benefits that are available to her are $60,000. Without such evidence, remand is the only appropriate action.

7. In addition, the Plaintiff is requesting that the Defendant Liberty Mutual be made to pay all attorneys' fees related to this removal and the filing of a motion to remand. There is no evidence that the at-fault driver is a foreign resident. She is listed as an Alabama resident on the accident report. (See accident report, exhibit 1). In addition, the Defendant

would be fully aware of the available coverage and the limits of that coverage, specifically $60,000. Therefore, the Defendant Liberty Mutual knew or should have known prior to the filing of the Notice of Removal that the amount in controversy was less than the jurisdictional amount of the Court. Undersigned counsel for the Plaintiff has spent 4.5 hours in reviewing the Notice of Removal, doing research on these issues, and preparing this Motion to Remand. The Defendant should be made to pay for these costs.

WHEREFORE, based upon the pleadings in the case, Plaintiff requests that this case be immediately remanded to the Circuit Court of Bullock County, Alabama so that it may be timely tried.

 

CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

JINKS, DANIEL & CROW , L.L.C.
P. O. BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this ⁵ day of June, 2006:

Joseph T. Carpenter, Esq.
Carpenter, Ingram & Mosholder, LLP
303 Sterling Center
4121 Carmichael Road
Montgomery, Alabama 36106

OF COUNSEL

# ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

AST-27
REV 1/91

Sheet 1 of 2

PLAINTIFF'S EXHIBIT

tabbies

PAGE 01

CITY UNION SPRINGS

334385868

**LOCATION AND TIME**

Date: Month 01  Day 28  Year 2005
Time: 427 AM/PM
Day of Week: M T W TH F S SU
County: 09  City: UNION SPRINGS

On Street, Road or Highway: BLACKMON AVENUE PUBLIC STREET

**UNIT 1**

VEHICLE / DRIVER

Driver Full Name: MARRY E. CUSTIN
Street Address: 3032 SOUTHHALL GRADE ROAD
City and State: BANKS, AL
Social Security No.

**UNIT 2**

VEHICLE / DRIVER

Owner's Name: SAME AS ABOVE
Vehicle Year: 2000  Make: DODGE  Model: NEON  Body: 4D

Driver Full Name: WAYNE COFSKA
Street Address: JANE AS ABOVE

Speed Limit: 35 MPH   Est. Speed: 55 MPH

Driver License No: 2582L670

**VEHICLE / PEDESTRIAN**

Contributing Circumstances

Vehicle Towed By Whom: MC WOTHER TOWING

Place of Employment: SAINT JOSEPH SCHOOL

Liability Insurance Co.: GEICO

Type: Auto

Driver: Wayne Coleska

License Tag Number: 38Y5234G

State: AL

# City Union Springs Accident Report

**PAGE 02**

## Sections

| INVESTIGATION | ROADWAY ENVIRONMENT | NARRATIVE AND DIAGRAM | CODES | VICTIMS | SEATING |
|---|---|---|---|---|---|

### NARRATIVE AND DIAGRAM

Officer's Opinion of What Happened

Vehicle ① was traveling east on Blackmon Vehicle ② was traveling east on Blackmon. Vehicle ① over speed limit assumes Vehicle ② travels in matter — Br. rules vehicle ② causing it to loose control with vehicle ③ causing damages.

BASKIM STREET

BLACKMON AVE

NOT SCALE

PERCINE ST

### VICTIMS

Name: Deness R. Ellis
Address: Bullock correctional Gainesea 221

Unit 1 — 1
Unit 2 — 2

### INVESTIGATION

Time Police Notified: 4:27 AM
Time Police Arrived: 4:29 AM
Time EMS Arrived: 435 AM

Light:
- 1 Daylight
- 2 Dawn
- 3 Dusk
- ④ Darkness—Road Not Lit
- 5 Darkness—Road Lit

Name of Investigating Officer: Kenneth B. Johnson

Officer ID: 03

Date: 07/28/05

11/16/2005   23:59   3347385098

# GEICO



■ Government Employees Insurance Company
■ GEICO General Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company

Regional Office:
One GEICO Center ■ Macon, GA  31295-0001

12/29/05

Attorney Nathan Dickson for Denise Ellis
P.O. Box 350
Union Springs, AL 36089

CLAIM NO:      0274772800101027
RE:            Mary E. Austin
LOSS DATE:     07/28/05

Dear Ms. Ellis:

With respect to the automobile accident occurring on 07/28/05, the GEICO Indemnity Insurance
Company will not provide coverage to Mary E. Austin on the date of the above occurrence.

Sincerely,

*Angel Griffin*

Angel Griffin
Claims H453g
1-800-841-8842, x-1685



tabbles

PLAINTIFF'S EXHIBIT
2

# Liberty Mutual

LibertyGuard Auto Policy Declarations
Liberty Mutual Fire Insurance Company
Boston, Massachusetts

**YOUR POLICY NUMBER:** AO2-251-474993-10 5 2

**NAMED INSURED AND MAILING ADDRESS:**

DENNESS R ELLIS
721 GROVE CIR
UNION SPRINGS AL  36089-1145

**THESE DECLARATIONS EFFECTIVE:** 07/20/05

**FOR SERVICE PLEASE CONTACT:**

2367 CENTRAL PARKWAY
MONTGOMERY AL 36106

**SERVICE:** 334-213-0651/800-850-4420
**CLAIMS:** 800-2CLAIMS (800-225-2467)
www.libertymutualinsurance.com

`1 CONOOO-204-689`

**Policy Period:** 07/20/05 to 07/20/06 12:01AM Standard Time at the Address of the Named Insured as Stated in the Policy.

**Reason For This Notice:**  Your Renewal Policy Declarations

## PERSONAL AUTOMOBILE COVERAGE, LIMITS, AND PREMIUM

### Coverages And Limits Under Your Auto Policy:

| Part | | | Coverage Is Provided Where A Premium Is Shown For The Coverage | | |
|---|---|---|---|---|---|
| | | | Veh 1 | Veh 2 | Veh 3 |
| **Liability** | | | | | |
| · Bodily Injury | $ 25,000 | Each Person | $ 197 | 197 | 161 |
| | $ 50,000 | Each Accident | | | |
| · Property Damage | $ 25,000 | Each Accident | | | |
| **Medical Payments** | $ 1,000 | Each Person | $ 22 | 16 | 18 |
| **Uninsured Motorists** | | | | | |
| · Bodily Injury | $ 20,000 | Each Person | $ 62 | 62 | 62 |
| | $ 40,000 | Each Accident | | | |
| **Coverage For Damage To Your Auto** | | | | | |
| · Collision | | | $ | 315 | |
| Actual Cash Value Less Deductible Shown: | | | | | |
| Veh 2 $ 500 | | | | | |
| · Other Than Collision | | | $ | 73 | 143 | 32 |
| Actual Cash Value Less Deductible Shown: | | | | | |
| Veh 1 $ 250 | | | | | |
| Veh 3 $ 250 | | | | | |
| Veh 2 $ 500 | | | | | |
| **Optional Coverage** | | | | | |
| · Towing And Labor Cost - $50 Each Disablement | | | $ | 6 | 6 | 6 |
| · Transportation Expenses | | | $ | 16 | 16 | |
| $20 Per Day | | | | | |
| $600 Per Accident | | | | | |
| Annual Premium Per Vehicle: | | | $ | 360 | 755 | 279 |
| **Total Annual Policy Premium:** | | | $ 1394.00 | | |

### VEHICLES COVERED BY YOUR POLICY

| Veh | Year | Make | Model | Vehicle ID Number |
|---|---|---|---|---|
| 1 | 1991 | BUICK | REGAL CU | 2G4WB54L7M1420818 |
| 2 | 1996 | NISSAN | MAXIMA | JN1CA21D3TT132926 |
| 3 | 1978 | CHEVROLET | | CCU148B169765 |

AUTO 3079 (Ed. 4-95)

Dexter R. Legg
SECRETARY

Edmund F. Kelly
PRESIDENT

This policy, including all endorsements attached is countersigned by:

S.A. McCauley
AUTHORIZED REPRESENTATIVE

PLAINTIFF'S EXHIBIT 3
tabbies

YOUR POLICY NUMBER: AO2-251-474993-105 2

THESE DECLARATIONS EFFECTIVE: 07/20/05

Page 2

LibertyGuard Auto Policy Declarations
Liberty Mutual Fire Insurance Company
Boston, Massachusetts

(Continued from Previous Page)

Month/Year Expires:
04/2007

Safe Driver Insurance Plan:
No Charges Apply-SC0

Loss Payee:
VEH 2 MAX FCU

## DRIVER INFORMATION

| Driver Name | DOB | State | License Number |
|---|---|---|---|
| DENNESS R ELLIS | 03/28/71 | AL | 6113687 |
| TOMMIE PERSONS | 12/05/73 | AL | 6029426 |

To Ensure Proper Coverage, Please Contact Us To Add Drivers Not Listed Above.

## VEHICLE DISCOUNTS INCLUDED IN YOUR RATE

| | Veh 1 | Veh 2 | Veh 3 |
|---|---|---|---|
| Passive Restraint - Requires Med Pay (Motorized Seat Belts and/or Air Bags) | No | Yes | No |

Discounts

## OTHER DISCOUNTS INCLUDED IN YOUR RATE

Preferred Auto Rating Plan (Preferred Driver)

Multi-Car

## ENDORSEMENTS ATTACHED TO YOUR POLICY

| | |
|---|---|
| 2344 | LMHC Membership |
| PP 04 84 12 89 | Split Uninsured Motorists Limits - Alabama |
| RS2107-01 02 | Uninsured Motorists Coverage - Alabama |
| AUTO 3941 | Amendment of Policy Definitions |
| PP 03 05 08 86 | Loss Payable Clause |
| PP 03 03 04 86 | Towing and Labor Cost Coverage |
| PP 03 09 04 86 | Split Liability Limits |
| PP 03 26 06 94 | Liability Coverage Exclusion |
| RS1046 12 89 | Automatic Termination Endorsement |
| RS2061 05 96 | Increased Limits Transportation Expenses Coverage |
| RS2112 10 99 | New Vehicle Replacement Cost Coverage |
| PP 13 01 12 99 | Coverage For Damage to Your Auto Exclusion Endorsement |

AUTO 3079 (Ed. 4-93)

SECRETARY

PRESIDENT

This policy, including all endorsements attached is countersigned by:

AUTHORIZED REPRESENTATIVE